Case 20-6102, Emmanuel Houston v. Shawn Phillips Oral argument, 15 minutes per side Mr. Kalir, for the appellant You may proceed Your Honors Good morning Your Honors And may it please the Court My name is Daron Kalir And I'm here on behalf of Petitioner, Mr. Emmanuel Houston May I please reserve 4 minutes for rebuttal You may, and you may proceed Thank you, Your Honor In 2000... First, let me apologize that my students are not here, Your Honors It's exam week at Cleveland Marshall So, my apologies Well, what you're having wasn't too good, was it? Again, my apologies In 2019, this Court had decided Bird v. Skipper And in that decision, this Court has held That when a combination of factors exists Then, a defendant will be held to have suffered Ineffective assistance of counsel in violation of the Sixth Amendment This combination of factors, Your Honor, included the following On the deficiency side We needed a counsel that vastly overestimated the strength of his defense And then, in addition to this vast overestimation We needed, coupled with inaccurate advice he gave to his client About the likelihood of success in this case Moving on to the predatist prong, Your Honors When that advice prevented the defendant from taking a much better offer from the State for a plea agreement When that very advice is the reason that prevented But for that advice, defendant would have received or accepted A better plea offer that would have sent him home much earlier Then, this combination of factors The bad advice, the vastly overestimation of the defense And the but-for element that prevented him from taking a plea agreement What's your best evidence here That your client actually would have taken that 85% duration plea deal? My client said, and the State agrees That he's willing to settle this case He said so under oath in the hearing The only question was for how much Well, that's a kind of a huge question, isn't it? Well, I think it is a huge question, Your Honor But the answer is quite clear He was willing to settle for four years, which is 12 and 35 Because he was under the wrong impression That he's looking at five years, or no more than five years That is the result of the bad advice he received But, and this court has emphasized In Byrd, Your Honor, that And I'm reading from the case Burnett, that's the other attorney in Byrd's case Burnett convinced him, the defendant To stay the course, promising that the abandonment defense Would result in a home run Byrd's prior choice to forego a plea Was no choice at all Being grounded in faulty counsel And therefore immaterial That's exactly what happened here, Your Honor The only reason my client declined at 12 and 85 Which, by the way, would have sent him home by now Is because he was under the impression That he's going to jail for no more than five years And that impression, Your Honor, was based solely On a very bad advice he received from an attorney Who showed shocking incomprehension of the law Just like Your Honor said in Byrd The exact same thing Over there it was the issue of abandonment With regard to the first degree murder And here, the idea of an aggravated Especially aggravated kidnapping Where all the elements have been satisfied And the victim himself testified This is a victim who knew the defendant For a long time He recognized him There was no evidentiary issue There could be no evidentiary issue All the courts that Your Honor, can I ask you one question? So, in terms of the evidence that we're talking about We're talking about testimony From the state post-conviction proceeding I take it And you acknowledge that this Well, let me put it this way When you look at Byrd You have an attorney who Really made representations That were going to guarantee an acquittal You know, really pretty far down the line Of incompetency Here, is there any evidence that That Mr. Westmoreland You know, guaranteed This, you know, to be a five year Sentence that That he didn't explain the nature of the charges That he really, you know, simply said And that's what a lot of attorneys say You know, looks like this Especially aggravating charge Really is just, is aggravating But he explained Didn't he explain the charges to Mr. Houston And Mr. Houston just didn't think he You know, he wanted to be maybe around 30% Or, you know, or something like that As opposed to 85 or 100% Yes, Your Honor It doesn't seem like this situation is As egregious as what we've seen in Byrd And Robinson and some other cases With respect, Your Honor My claim is that this is Byrd on steroids This case is a fortiori The case of Byrd And here is why First, let me start with Byrd itself On page 253 of the case The defendant said that Counsel assured him that it would hit a home run By secure him an acquittal And that Byrd would be going home Instead of going to prison But, and this is a very important but, Your Honors Just four lines below that it says Barnett boldly denied these allegations Meaning, in Byrd itself This court looked through the denials of counsel And said, I never said home run I never said you're going home Of course he said that Of course he said that And of course that's why Byrd denied Or was denied the opportunity To receive a plea agreement Here we actually have a plea agreement In Byrd we didn't even have that And the evidence here are aplenty, Your Honor Under oath, counsel testified That he both affirmatively Affirmatively suggested that the Allegation against my clients are foundless Whatever that is Probably without foundation And he claimed that at most At most, he's looking at aggravated assault And that is important, Your Honor With respect Because aggravated assault Is a five year violation And not a 23 years As especially aggravated kidnapping So I think both on the positive side And on the negative side This case trumps with respect The evidence in Byrd Where counsel denied that he ever said that Here he is on the record Under oath testifying in first person In addition, my client Mr. Houston Testified under oath In that same hearing That whenever they went to court Counsel would assure him of that That don't worry about it It's just a big joke And I'll read from document 1113 Page ID 987 This is the hearing Every time we come to court This is my client answering to a question The question is the following Did Mr. Westmoreland ever tell you Throughout all phases of this Don't worry about those things This is just an aggravated assault Answer Every time we come to the courthouse He said, man These guys think this is a joke You know You actually did a couple of guys a favor By beating them That character up I'm sorry, your honor And we all just think That this is a big aggravated assault Don't worry about that He told them that time and again Every time Your honor, sorry Any realistic individual And perhaps your client wasn't realistic Would have realized Given the facts of this case That it was quite possible That The whole matter was going to be A great deal more serious Than perhaps his lawyer said I mean We have an individual Who was very Egregiously assaulted By your client And suffered extremely serious injuries Your honors I do not deny that We're not here I mean Doesn't the reality of what happened In some way Even if the lawyer Was blowing it off Let me answer this I'm sorry I did not mean to interrupt you, your honor You're not interrupting Let me answer this in two ways, your honor First If we look at one of his co-defendants Who contributed exactly the same To the bodily injury That the victim suffered here That co-defendant went away with 8 years On the exact same charges Your client had an opportunity To go away with 12 Which he turned down, right? He turned it down, your honor He was probably the principal actor in this Not the guy who got 8 years, right? I don't want to go down that road, your honor I won't ask you to admit it But my reading of the facts Was that your client Would have been considered By a reasonable person To have been Substantially more culpable Than any of the others Who were involved I'm not sure, your honor My client did not hold the gun To the head of the victim That was the other guy Twilley Who went for 8 years At 30% But I said, your honor With respect that I will answer your question In two ways The one is That a co-defendant Equally responsible in my mind Went to jail for 8 years With 30% And the second is That your honor's question Is a serious one Whether a reasonable client Should override The legal advice by his counsel And I'm not sure, your honor I really think That when a client Such as my client Goes to trial And his attorney tells him In no uncertain terms Don't worry about it We're looking at mostly 5 years Then he will decline at 12 years With 85% Because he thinks That it's double the time That he's going to jail To put it on the client To say You hog tied him You moved him From the kitchen To the bathroom And therefore You know It's an aggravated kidnapping And he suffered Very serious injuries As a result of this Your honors We do not deny that We do not deny any of this I believe that my client Should go to jail And should be in jail For a decade But that's it That's what the state thought And it's been a decade It's been 20, 12 And now it's I'm sorry, your honor It seems to me That included in the evidence here Is that your client said Whatever the sentence was He wasn't going to serve More than 30% of it To be honest, your honor I did not understand that Both from the record And from the state's brief 30% of what? You can't You can't just say 30% of whatever If my client was under the impression That he's going to jail for five years Then 30% of 20 years Would be one number And 30% of 12 years And I believe, your honor I just said five minutes ago There's a huge difference here, right? And indeed there is I think that my client thought That a reasonable deal Under those circumstances Under this advice A reasonable deal Would be four to five years He received a deal of 10 years That's double the time That he thought he can go And he didn't go He refused to get this Based only on his client's On his counsel's advice But for his counsel's advice, your honor Really, I believe That he would agree to the 12 and 85 And now he would be on his way home And that's what we're arguing here Thank you, Mr. Clear You will have your Four minutes of rebuttal Thank you, your honors May it please the court Good morning Davey Douglas On behalf of the warden We would ask this court To affirm the dismissal Or the denial of the habeas petition Because the petitioner's Procedurally defaulted claim Of ineffective assistance Of trial counsel       On the other hand Because the petitioner Is not meritorious On the one hand Because the petitioner Is not meritorious On the other hand From Bird vs. Skipper In Bird, you had an attorney there Who refused to engage in plea negotiations With a willing prosecutor Who had, what this court called A flatly wrong understanding Of accomplice liability And promised his client a home run And guaranteed an acquittal None of those facts are present in this case What we had here was An attorney who provided His own personal assessment of the proof To the petitioner Does it make any difference though That in that personal assessment of the proof He was talking about A charge that This guy wasn't even charged with? He wasn't charged with aggravated assault He was charged with aggravated kidnapping He was, I mean That does seem a little odd The fact that he wasn't charged With aggravated assault Goes more to the fact that This was just counsel's personal assessment Because he testified That he discussed all of the charges With the petitioner And the possible range of sentencing That he faced Which indicates that counsel both knew The charges that he did face And was simply offering his own Personal view that This case could be nothing more Than an aggravated assault Essentially it's an attorney advising His client of a possible defense But what's even more significant is Trial counsel never guaranteed A specific result He testified that he never told the petitioner That he would only be acquitted Or that he could only be convicted Of aggravated assault And he discussed the possible sentencing range That the petitioner faced And again it is not Deficient performance for An attorney to offer his personal assessment Of the case While still providing the petitioner With an accurate idea and understanding Of the legal jeopardy That he faced And turning to the second prong of Strickland There is no prejudice here Because the petitioner's own testimony Demonstrates that he was not willing To accept the offer that the state extended Both he and trial counsel testified That he only wanted an offer Of 12 years with a release eligibility Of 30% They both testified that the petitioner Was not willing to consider Anything over 30% And then trial counsel explained That petitioner thus turned down The state's offer of 12 years at 85% Because that release eligibility period Was simply too high for him Notably the petitioner never testified That he turned down this offer Based on trial counsel's advice He never said that he thought he was only facing A 5 year sentence He knew he was facing at least a 12 year sentence But 85% was not a satisfactory Release eligibility date for him So he made his own choice To go to trial And again I could just ask you Quickly You know the counsel did use some You know fairly I guess calling the Aggravated kidnapping charge A joke Apparently At least that's the testimony You know if you're a defendant You know wouldn't you Rely heavily upon your counsel's Assertion that this is Like you say Foundless An absolute joke Certainly a defendant is entitled To rely on that assertion But what trial counsel said was that He categorized the aggravated assault As foundless to the other defense attorneys That were involved He never recalled telling the petitioner That this was just a case of aggravated assault But he also backed up that assertion With his He explained his understanding of the proof He explained that he didn't think that there was A sufficient amount of movement To rise the offense to a specially aggravated kidnapping So again this is essentially just a conversation Between an attorney and a client In which the attorney is advancing Possible Possible defenses And that was the defense that trial counsel advanced here And the fact that it did not work out the way he hoped Does not mean that his performance was deficient Or that the petitioner has suffered any prejudice Because again Here the petitioner had every opportunity To accept a 12 year offer With an 85% release eligibility He refused to do it because he didn't like that release eligibility And he never testified That that was because trial counsel told him That this is nothing more than an aggravated assault Or you will only be convicted of aggravated assault The testimony that we have shows that the petitioner Made a knowing choice To reject the state's plea offer Simply because he was dissatisfied With the length of the sentence And so if there are no further questions We would ask this court To affirm the judgment of the district court Thank you Okay, thank you counsel Your honor, if I may have a really short rebuttal You may Thank you your honor First, the state relies on the analysis The single sentence analysis by the district court Which said, however as the respondent correctly points out Counsel is not ineffective for sharing his opinion About the case with the petitioner And nothing in the record suggested The state had prejudiced the petitioner I must say your honor That I'm a little baffled by the statement In my counsel, Michael counsel's statement here Of course counsel can share his opinion with clients About whether Lebron James' performance was nice Or whether the guardians are going to make it to the World Series But when it comes to the case When it comes to the legal advice On which my client will base his decision Whether he's going to jail for a decade or 23 years There's no airing of sharing his opinion About the case without any consequences In fact, this court's A plenty bad advice jurisprudence shows otherwise And in Byrd we have cases going back all the way to 1987 Suggesting that when counsel provides bad advice On which client relies Then that may be ground for ineffective assistance to counsel The second thing that I want to suggest Is this issue that he never testified That he would agree to a five year Or to a 12 and 85 He never actually said those words I want to again emphasize Byrd's bad advice fallacy Which is brilliant And I want to read from the case Because both the state courts and the district court In that case found exactly the same That the defendant did not agree to a plea agreement And then they said well how do you know That he would have agreed And this court says Byrd's interest in the proceeding The trial was rooted in misinformation Gleaned from his counsel faulty advice Making it an unreliable metric Of reasonably probable outcome As we have already discussed Barnett's, that's the lawyer Barnett's advice to Byrd was erroneous And omitted critical details about Byrd's case Thus Byrd lacked the requisite information To weigh the options in front of him And whatever desire he exhibited before trial Is not the spot that everybody would have done If he had properly educated about the charges against him What are the requisite details about this case Your client's case that were omitted It's as clear as day your honor Not to me so explain it Of course So your honor Houston 1 suggesting great detail In pages 1, 2, and 8 The details that led every court that looked at that The state courts, the district court And the COA judge with respect To hold that all the elements Of especially aggravated kidnapping Has taken place here There is a state versus wide Supreme Court of Tennessee case from 2012 That suggests stage by stage Literally picture by picture How an especially aggravated assault case Should proceed And the district court here actually The district court is holding a phenomenal In my mind Analysis of those elements And how they apply to this case No reasonable juror No reasonable juror can disagree That all the elements As were stated by state versus wide Exist here And they're right in front of Every reasonable attorney Yet the attorney said That these accusations are foundless Are without any basis To my client And my client says yes I hit him Your honor he said that I hit him And I deserve to go to jail For an aggravated assault That's what he thought he's facing And then when the state comes with 1285 10 years He says why would I go to 10 years to jail When I can look no further than 5 So with respect your honors I really think That this case overrides Byrd Everything that happened in Byrd Happened here a fortiori Every element of the Combination of elements that this court Talked about in Byrd Happened here and even more so And therefore your honor I would ask that you would reverse And grant the habeas corpus relief Okay Thank you Mr. Kalir Mr. Douglas We certainly appreciate your briefing And your arguments today Mr. Kalir I know you've taken this case Under the criminal justice act That's real service to your client And to our system at large And we very much appreciate that Thank you your honor Thank you both The case will be submitted And our clerk may call the next case